HENRY H. BEEBE *vs.* FREDERICK PALMER, SR. *et al.*

OCTOBER 26, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass and ejectment is before us on defendants' exceptions to the ruling of the trial justice granting plaintiff's motion for a directed verdict and to certain evidentiary rulings during the trial. The defendants have briefed and argued only their exception to the granting of a directed verdict. All other exceptions therefore are deemed to be waived.

The property sought to be repossessed is located in the town of Richmond in this state and consists of a farm with a dwelling house and other buildings thereon, more fully described in plaintiff's writ and declaration.

The defendants filed six pleas to the declaration as follows: First, a plea of the general issue; second, a plea that any tenancy that might exist between plaintiff and defendants was one *without time of termination* and therefore the notice to quit was of a lesser time than the period of three months required by statute; third, that plaintiff was not the lawful owner of the premises; and fourth, that plaintiff did not have the right of entry to said property. The fifth, an equitable plea, alleged in substance that the defendants relying on an understanding with the plaintiff and Georgia Beebe, his mother, sold their home at West Haven in the state of Connecticut and moved into the premises in question; that they cared for said Georgia Beebe during her illness and otherwise in accordance with an understanding between the parties that said premises would become their property; that plaintiff accordingly removed his furnishings therefrom and paid defendants for board and incidentals at the rate of $10 per week; and that plaintiff from time to time gave assurances to defendants that the property was rightfully theirs. This plea further alleged that in reliance upon plaintiff's above-mentioned promise and agreement the defendants were led, with the full knowledge of plaintiff, to spend large sums of money

in constructing buildings, installing a furnace, and making other substantial improvements to the property. The sixth plea averred that there was then pending in Washington county a prior suit between the same parties for the same cause of action. However, such suit was later discontinued before the trial of the instant action.

The evidence showed that the premises in question had previously been owned by plaintiff and his first wife, who conveyed it to his mother Georgia E. Beebe. She died intestate on October 23, 1943 and at the time of her death plaintiff was her only surviving heir and next of kin. Her estate was never probated.

The plaintiff testified that in 1943 he made an arrangement with defendants by which they were to pay him $20 a month in "1943 and on" but that they paid him only for the months of November and December 1943 and for January 1944; and that thereafter they were financially embarrassed and made no further payments over the intervening years. He further testified that in the spring of 1944, after his mother's death, he made an oral agreement to sell the farm to defendants for $3,500, plus the assumption of a mortgage to the Wickford Savings Bank on which the balance was approximately $1,400; that at the time of the last survey by the state department of public works it appeared that the line of a proposed highway would obliterate all the buildings; that the defendants thereafter refused to go through with the transaction; and that they never offered to purchase the farm in accordance with their agreement.

The plaintiff also testified that he then made a new arrangement with defendants to the effect that "they could stay on there and take care of the place until I wanted it" and that "they agreed that any time I wanted the place they would move off." There was further testimony that in the fall of 1948 he asked defendants to vacate the premises and they refused saying: "Put us off if you can." The

evidence is undisputed that since the death of his mother in 1943 plaintiff has paid the interest and certain installments of principal on the mortgage and also taxes and fire insurance on the property.

The defendant Frederick Palmer, Sr. testified that plaintiff and his mother agreed both in West Haven, Connecticut, and in Richmond, Rhode Island, that the property would be sold to defendants for $3,500 free and clear of all encumbrances; that the original agreement was made by plaintiff's mother but that after her death plaintiff promised to go through with the deal; that no memorandum in writing was signed by any of the parties; and that he never offered to pay the sum of $3,500 to plaintiff in the form of cash, certified check or otherwise in order to secure a deed to the premises, or to pay mortgage interest or taxes thereon. The defendant Minnie J. Palmer corroborated her husband's testimony that the purchase price was to be $3,500 free and clear of all encumbrances, and she testified that she never tendered to the plaintiff $3,500 or any other sum to purchase the property.

At the conclusion of the trial the plaintiff's motion for a directed verdict was granted. We see no error in such ruling. Assuming, without deciding, that an unconditional judgment might be based on the equitable plea hereinbefore set forth, as defendants contend, we find upon examination of the transcript that there was no evidence in the record to sustain such plea. On the contrary the testimony produced by defendants in support thereof, as hereinbefore recited, shows that they relied exclusively upon an executory contract to purchase the plaintiff's premises, which is wholly at variance with the allegations of defendants' fifth plea. Nor does the record otherwise contain evidence to support any of defendants' remaining pleas. In the circumstances, therefore, a motion to direct a verdict for the plaintiff was properly granted, and the exception thereto is overruled.

74

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict as directed.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri, George Ajootian,* for plaintiff.

*Edward M. Botelle, S. Daniel Cohen, John Turnbull,* for defendant.